IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40931
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO HUITRON-ARELLANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-297-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Alfonso Huitron-Arellano appeals his conviction and sentence following a guilty plea to illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. Huitron-Arellano argues he should have been sentenced to no more than two years of imprisonment because a prior felony conviction is an element of the offense of reentry following deportation after a felony conviction. Huitron-Arellano concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Huitron-Arellano contends, however, that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362 (2000), casts doubt

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on Almendarez-Torres and that he is raising the argument to preserve it for Supreme Court review.

Although the Supreme Court noted in Apprendi that, arguably, Almendarez-Torres was incorrectly decided, the Court expressly declined to overrule Almendarez-Torres. Apprendi, 120 S. Ct. at 2362-63 & n.15; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). This court is compelled to follow the precedent set forth in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984. Without the benefit of Apprendi, Huitron's claim fails.

Huitron-Arellano also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. In United States v. Guzman-Ocampo, 236 F.3d 233, 238-39 (5th Cir. 2000), this court declared an indictment substantially the same as the one against Huitron-Arellano constitutionally and statutorily sufficient.

Huitron-Arellano's conviction and sentence are AFFIRMED.